IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv175

| | |
|---|---|
| JUDITH L. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court pursuant to 28, United States Code, Section 636(b), pursuant a specific Order of referral of the district court, and upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and recommendation.

### FINDINGS AND CONCLUSIONS

**I.  Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council.

Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II.   Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.  Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV.   Substantial Evidence

A. **Introduction**

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

B. **Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

> d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;
>
> e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

**C. The Administrative Decision**

First finding that plaintiff had not engaged in substantial gainful employment, the ALJ next determined at the Second Step that plaintiff suffers from severe impairments including a history of migraines, fibromyalgia, degenerative disc disease of the cervical spine, and depressive disorder (not otherwise specified). At the Third Step, he determined that none of these severe impairments meets or equals a listed impairment. At the Fourth and Fifth Steps, the ALJ determined that while plaintiff did not have the Residual Functional Capacity (hereinafter "RFC") to perform her past relevant work as an office manager and retail salesperson, she had the RFC to perform other work that exists in significant numbers in the national economy. Tr., at 17-26.

**D. Discussion**

    **1. Plaintiff's Assignments of Error**

Plaintiff has made the following assignments of error:

I. "ALJ Wilson failed to apply the law of the Circuit, to the prejudice of the Plaintiff, in evaluating the effect on the Plaintiff of disabling pain."

II. "The ALJ's analysis of the Plaintiff's pain failed to follow this Circuit's repeated admonitions to the Commissioner of Social Security as to how to evaluate disabling pain."

III. "ALJ Wilson failed to evaluate the evidence of the Plaintiff's pain, referred to above, as the case law of this Circuit requires, to the prejudice of the Plaintiff."

IV. "ALJ Wilson failed to evaluate the objective medical evidence as required by the principles in the Craig decision and indeed by this Court in the Metcalf decision, to the prejudice of the Plaintiff."

V. "ALJ Wilson failed to appropriately evaluate the clinical evidence of record regarding the non-exertional impairment of the Claimant, that is, her depressive disorder NOS, diagnosed by Dr. Penland, the clinical psychologist who saw her at the requests of DDS."

With the exception of the first assignment of error, plaintiff's assignments of error are not set forth as separately captioned assignments, many overlap, and few are backed by any substantive argument. While the undersigned typically defers to the structure of contentions as proposed by plaintiff, the structure suggested by plaintiff is not workable in this particular case. Instead, the court will conduct its review as suggested

5

by the Commissioner in his brief, which addresses the substance of plaintiff's claims by considering two issues.

    I.    Whether the Administrative Law Judge Properly Evaluated the Credibility of Plaintiff's Subjective Complaints of Pain?

    II.    Whether the Administrative Law Judge Properly Considered Consultative Psychologist Dr. Penland's Opinions?

**2. First Issue**

Plaintiff contends that the ALJ failed to follow the case law of Fourth Circuit in considering plaintiff's subjective complaints, including complaints of pain. Plaintiff's claim for benefits includes allegations of pain or other subjective complaints. The correct standard and method for evaluating claims of pain and other subjective symptoms in the Fourth Circuit has developed from the Court of Appeals' decision in Hyatt v. Sullivan, 899 F.2d 329 (4th Cir. 1990)(Hyatt III), which held that "[b]ecause pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative." Id., at 336. A two-step process for evaluating subjective complaints was developed by the appellate court in Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), and is now reflected in Social Security Ruling 96-7p.[1]

---

[1] "The purpose of this Ruling is to clarify when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about

Craig requires that the Commissioner apply a two-step analysis when assessing the credibility of a claimant's subjective complaints of pain. See 20 C.F.R. § 416.929. In conducting the two-step Craig analysis, Step One requires the ALJ to determine whether there is "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant" Craig, at 594. Once a medical impairment is identified by the ALJ in Step One that could reasonably be expected to produce the pain or other subjective complaints asserted, the intensity and persistence of that pain is evaluated by the ALJ along with the extent to which such pain or other subjective complaint limits claimant's ability to engage in work. Id.; see also 20 C.F.R. § 416.929(c).

Once the ALJ progresses to Step Two, he or she considers the following factors, which include: (1) plaintiff's testimony and other statements concerning pain or other subjective complaints; (2) plaintiff's medical history; (3) any laboratory findings; (4) objective medical evidence of pain if any; (5) the plaintiff's activities of daily living; and (6) any course of treatment the plaintiff has undergone to alleviate pain. Craig, supra, at 595.

---

symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." S.S.R. 96-7p (statement of purpose).

Review of the decision of the ALJ reveals that he correctly recited and applied the pain standard applicable in the Fourth Circuit. See Tr., at 22-24. Earlier the ALJ found that plaintiff had severe impairments consisting a history of migraines, fibromyalgia, degenerative disc disease of the cervical spine, and depressive disorder (not otherwise specified). At step one of the Craig analysis, the ALJ determined that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but at step two the ALJ determined that her statements concerning the intensity, persistence, and limiting effects of such symptoms are not credible to the extent they were inconsistent with the residual functional capacity assessment. Tr., at 23.

Despite plaintiff's argument, review of the ALJ's decision reveals that the ALJ carefully considered and evaluated all of plaintiff's subjective complaints, applied the correct standard, and then discussed fully why he did not fully credit her statements of disabling pain. The ALJ found that her subjective complaints of pain were not entirely credible because they were inconsistent with her treatment history and her daily activities. Tr., at 23. Plaintiff testified that she stopped working due to migraines and difficulty concentrating, that she takes medication for persistent pain all over her body, that she needs to stay in bed for her medications to work, that her medications cause her to fall asleep while driving, and that she has depression for

8

which she sees a mental health advisor. Tr., at 23, 422-427. Counterposed to such testimony, however, the ALJ noted that plaintiff reported to neurologist Dr. James M. Patton in January 2007 that she had a history of migraines occurring three times per week, but that the migraines had gone away after a hysterectomy performed in March 2004, returning only in approximately November 2006. Tr., at 23, 381. Inasmuch as the insured period was <u>only</u> from May 2004 (the alleged onset date) through December 2004 (her date last insured), there was no evidence that plaintiff suffered from migraines during such period. At the hearing, plaintiff offered the explanation that she had lied to her own doctor concerning the lack of headaches because she did not trust doctors to treat her headaches. Tr., at 428. As credibility determinations are left to the ALJ, the ALJ properly credited plaintiff's report to Dr. Patton over her explanation at the hearing.

Plaintiff also argues that the ALJ failed to comply with the decision of this court in <u>Metcalf v. Astrue</u>, No. 1:08-CV-00474-MR (W.D.N.C. Mar. 23, 2010), contending that the ALJ failed to consider the objective evidence in the record. In <u>Metcalf</u>, the district court found that the ALJ had ignored significant objective evidence in the record. <u>Id.</u>, at 16. Unlike the situation in <u>Metcalf</u>, review of the ALJ's opinion in this matter reveals that he considered all the medical evidence of record.

The ALJ noted that plaintiff reported substantial activities of daily living to consultative physician Dr. John J. Kelly and Dr. Michael R. Penland, PhD, including light housework, driving, lifting and carrying twenty-five pounds occasionally, cooking, cleaning, dressing, bathing, and going to the grocery store. Tr., at 23, 233-234, 253. She testified at the hearing that she traveled around the country[2] in an RV for a year and drove to doctor appointments and to visit family in New Jersey. Tr., at 23, 419, 432-433. The ALJ found these activities of daily living to be inconsistent with disabling pain. The ALJ properly considered plaintiff's subjective complaints and his finding that her complaints were not entirely credible is supported by substantial evidence.

Such pain determination fully complies with the currently applicable standard for evaluating pain and other subjective complaints in the Fourth Circuit. Further, such determination is fully supported by substantial evidence of record. The undersigned finds no merit to assignments of error which correspond with this issue.

### 3. Second Issue

Plaintiff's remaining assignments of error center on whether the ALJ properly considered the opinions of consultative psychologist Dr. Penland. In particular, plaintiff takes issue with the ALJ's consideration of the consultative opinions of Dr.

---

[2] The ALJ in his decision makes references to "county" instead of "country," which appears to have been a typographical error.

Penland, pointing the court to pages 253-257 of the administrative record, contending that the ALJ "left out the most significant vocational findings." The undersigned believes that the "most significant vocational findings" to which plaintiff refers are found at page 257 of the administrative record, where Dr. Penland concluded that "[b]ecause of the fibromyalgia, it seems that she is not able to tolerate the stress and pressures associated with day-to-day work activity." Tr., at 257. To the extent that such conclusion could be read to be a conclusion that plaintiff was unable to work, the ultimate determination of disability, however, is reserved for the Commissioner, and "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 416.927(e)(1).

Rather than simply rely on such vocational conclusion, the ALJ properly considered the substance of Dr. Penland's opinion and included in plaintiff's RFC all supported mental limitations in Plaintiff's RFC. The ALJ specifically noted Dr. Penland's finding that plaintiff was "primarily limited by her fibromyalgia," Tr., at 21, and went on to note that Dr. Penland had observed that plaintiff "is able to understand, retain and follow simply instructions and can sustain only minimal attention necessary to perform simple repetitive tasks," and that "she seems to have the ability to relate to others including fellow workers and supervisors." Id. (Internal quotation marks omitted). As discussed above, Dr. Penland indicated that plaintiff

had difficulty with memory and concentration and would not be able to tolerate the stress and pressures associated with day-to-day work activity due to fibromyalgia, but that she could relate to others including fellow workers and supervisors. Tr., at 257. Upon review of Dr. Penland's opinion and the other evidence in the record, the ALJ concluded that plaintiff's depression did not prevent her from performing unskilled work. Tr., at 21, 23.

When determining RFC, the ALJ fully credited these findings by Dr. Penland when he determined that plaintiff's RFC for unskilled light work was limited to "work with simple 1-2 step tasks in a low stress environment requiring nonproduction work and occasional public contact." Tr., at 22. Contrary to Plaintiff's claim, the ALJ did not ignore Dr. Penland's most significant findings, but rather, the ALJ clearly considered all of the evidence in the record, including Dr. Penland's findings, to determine how Plaintiff's pain and depression affected her ability to perform mental work tasks. Tr., at 21, 23.

Plaintiff also takes issue with the ALJ's failure to include each of Dr. Penland's findings in the hypothetical posed to the vocational expert (hereinafter "VE"). Hypothetical questions posed by an ALJ to a vocational expert must fully describe a plaintiff's impairments and accurately set forth the extent and duration of the claimant's pain, if any. Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978). Where the

ALJ properly formulates his hypothetical to accurately reflect the condition and limitations of the claimant, the ALJ is entitled to afford the opinion of the vocational expert great weight.  Shively v. Heckler, 739 F.2d 984 (4th Cir. 1984).  Because plaintiff's conditions and limitations were accurately portrayed to the vocational expert, the ALJ did not fail to consider all the evidence, and his reliance on the opinion of the vocational expert that jobs were available to a person with plaintiff's limitations was proper. Because the ALJ properly did not include each of Dr. Penland's findings in his RFC finding, he had no obligation to include such findings in his hypothetical.

    **E.**    **Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error.  Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence.  See Richardson v. Perales, supra; Hays v. Sullivan, supra.  Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, the undersigned must recommend to the district court that plaintiff's Motion for Summary Judgment be denied, the Commissioner's Motion for Summary Judgment be granted, and that the decision of the Commissioner be affirmed.

# RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, be **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment be **DENIED**;

(3) the Commissioner's Motion for Summary Judgment be **GRANTED**; and

(4) this action be **DISMISSED**.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: August 2, 2010

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge